# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2593

_____

Chee Chee J. Greene,                     *
                                         *
              Petitioner,                *
                                         *   Petition for Review of
        v.                               *   an Order of the Board
                                         *   of Immigration Appeals.
Michael B. Mukasey,[1]                   *
Attorney General of the                  *   [UNPUBLISHED]
United States of America,                *
                                         *
              Respondent.                *

_____

Submitted: November 28, 2007
Filed: December 18, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Liberian citizen Chee Chee Greene petitions for review of an order of the Board of Immigration Appeals (BIA) which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

_____

[1]Michael B. Mukasey, now Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

We lack jurisdiction to review the determination that Greene's asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(3); Ngure v. Ashcroft, 367 F.3d 975, 988-89 (8th Cir. 2004). With respect to Greene's other requests for relief, we conclude that the denials of withholding of removal and CAT relief are supported by substantial evidence in the record. See Mouawad v. Gonzales, 485 F.3d 405, 411-13 (8th Cir. 2007) (standard of review; withholding of removal requires showing of clear probability of persecution; CAT relief requires showing that it is more likely than not that alien would be tortured if removed to proposed country). Greene testified that she never suffered harm in Liberia; she did not establish that anyone in Liberia was currently looking for her; and her claim of feared persecution, on account of a 1990 accusation against her mother and the involvement of her stepfather in a democratic party, was speculative. See Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (in absence of solid support in record for alien's assertion that he would be persecuted, his fear was "speculative at best"); see also Momoh v. Att'y Gen. of U.S., 190 Fed. Appx. 159, 162-63 (3d Cir. 2006) (unpublished opinion) (noting changed country conditions in Liberia).

Accordingly, we deny the petition.

_____